UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>JESUS MANUEL ROJAS,<br><br>    Defendant | Case No.: 3:21-cr-00020-MMD-CSD<br><br>**Order** |

This matter comes before the court upon the oral motion of the United States pursuant to 18 U.S.C. § 4241(a) for a hearing to determine the mental competency of the defendant Jesus Manuel Rojas. Rojas is in pretrial custody in the District of Nevada awaiting trial on a federal indictment that charges him with the offense of bank robbery. Rojas' counsel does not join in the United States' motion.

If there is "reasonable cause to believe the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," the court may order a psychiatric or psychological examination be conducted and that a psychiatric or psychological report be filed with the court before holding a hearing to determine the defendant's mental competency. 18 U.S.C. § 4241(a)-(c).

Rojas has been diagnosed with schizoaffective disorder and bipolar disorder. He has experienced psychotic symptoms and has refused to take his prescribed medications while in pretrial detention at the Washoe County Detention Facility in Reno, Nevada. The court finds there is reasonable cause to believe Rojas is presently suffering mental diseases that may render

him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

IT IS ORDERED that Rojas be transferred to a medical facility within the United States Bureau of Prisons (BOP) to be evaluated by a psychiatrist or psychologist to determine whether he is competent to understand the nature and consequences of the proceeding against him and to properly assist in his defense. The psychiatric/psychological examination shall be conducted pursuant to 18 U.S.C. § 4247(b), (c). The examination must be conducted by a licensed or certified psychiatrist or psychologist. The court orders the U.S. Marshal to transport Rojas on an expedited basis to the BOP to undergo the psychological or psychiatric examination. The examination shall not exceed 30 days (excluding time for transportation of Rojas to the BOP medical facility).

The examining psychiatrist or psychologist shall file a report with the court **under seal**, with copies provided to Rojas's counsel, Assistant Federal Public Defender Kate Berry (200 S. Virginia St., Suite 340, Reno, Nevada 89501) and to the attorney for the Government, Assistant United States Attorney Richard Caspar (400 S. Virginia St., Suite 900, Reno, Nevada 89501).

The report shall include: (1) Rojas's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether Rojas is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

After the report is filed with the court, a competency hearing will be scheduled.

Upon Rojas's release from the BOP medical facility, the BOP shall provide a discharge summary to the U.S. Marshal (to accompany Rojas while in transit), which includes a proposed treatment plan and a current list of any appropriate medication(s) with detailed dosage amounts. This document is also to be provided to the court (under seal) when the final evaluation report is submitted.

The court further orders that the Speedy Trial time be tolled under 18 U.S.C. §§ 3161(h)(1)(a) and 3161(h)(8)(A) until a hearing can be held to determine Rojas's mental competency. The failure to grant such a continuance under the Speedy Trial Act would make a continuation of such proceeding impossible because Rojas's mental competency is integral to Rojas proceeding to trial, entering a plea, or having the criminal charge dismissed because of his mental competency. Finally, the court finds that the granting of the continuance is based upon the fact that the ends of justice serviced by taking such action outweigh the best interest for the public and the defendant in a speedy trial.

IT IS FURTHER ORDERED: (1) if practicable, the U.S. Marshal shall transport Rojas directly to the designated BOP medical facility in the safest manner and as expeditiously as possible; (2) that BOP notify the U.S. Marshal as soon as the BOP medical facility has completed the evaluation; (3) if practicable, the U.S. Marshal shall then transport directly or make arrangements for Rojas to be directly transported from the BOP medical facility to a federal holding facility in the District of Nevada (in Reno); and (4) the U.S. Marshal shall notify the court as soon as Rojas has returned to the District of Nevada. **IT IS SO ORDERED**.

Dated: July 8, 2022

_____
Craig S. Denney
United States Magistrate Judge