# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESUS MANUEL ROJAS,<br><br>Defendant. | Case No. 3:21-cr-00020-MMD-CSD<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S COMPETENCY** |
|---|---|

This matter is before the court on the question of Defendant Jesus Manuel Rojas' competency to stand trial. The court held a competency hearing pursuant to 18 U.S.C. 4241(c) on December 13, 2022. (ECF No. 63.) The court considered the testimony of Bureau of Prisons (BOP) Forensic Psychologist, Jaime Jauregui, Ph.D., and her forensic report on Defendant dated October 6, 2022. (ECF No. 56, filed under seal.) The court also considered the psychological evaluation reports of Dr. Brian Leany, Ph.D., and Erin Baldwin, Ph.D., who evaluated the Defendant in October and November 2021 for competency to stand trial. (ECF Nos. 44-1, 44-2, 44-3, filed under seal.)

After considering the above evidence and arguments of counsel at the hearing, the court finds by a preponderance of evidence that Defendant is presently suffering from a mental disease (schizophrenia with psychotic episodes) that renders him mentally incompetent to understand the nature and consequences of the proceedings against him or properly assist in his defense. Therefore, Defendant is incompetent to stand trial under 18 U.S.C. § 4241(d).

# I. BACKGROUND

On May 27, 2021, a federal grand jury in Reno, Nevada, issued an indictment charging Defendant with Bank Robbery, in violation of 18 U.S.C. § 2113(a). (ECF No. 1.) On June 7, 2021, Defendant appeared in court for his initial appearance and arraignment and plea. (ECF No. 5). The court appointed counsel to represent Defendant (who entered a not guilty plea) and the court ordered him released on a personal recognizance bond with conditions. (*Id.*, ECF No. 13.) On November 24, 2021, Defendant appeared before the court on an arrest warrant issued for violations of his pretrial release conditions. At the hearing, defense counsel informed the court that Defendant was "not on the right combination of medication" and the proceedings were rescheduled. (ECF No. 23.) On December 2, 2021, the court held a hearing on the pretrial release violations and revoked Defendant's bond, and remanded Defendant to custody to be detained pending trial. (ECF Nos. 24, 25.)

On May 2, 2022, Chief Judge Du presided at Defendant's change of plea hearing. At the hearing, defense counsel advised the court that Defendant suffers from mental health disorders and that the Washoe County Detention Facility has not been administering his medications properly. Defense counsel advised the court that two neuropsychologists and one psychiatrist evaluated Defendant and found him to be <u>competent as long as he receives his prescribed medications</u>. (ECF Nos. 41 and 42, emphasis added). At the hearing, Chief Judge Du expressed concern about the Defendant's competency based on his behavior and answers during the court proceedings. (*Id.,* transcript at ECF No. 47).[1]

---

[1] During the hearing, Chief Judge Du noted that Defendant was grinning and smiling in an unusual manner in response to her plea canvas questions. (ECF No. 47 at 10.) Defendant further stated multiple times that he wanted to go live with his cousin in Carson City. (*Id.* at 11.) When asked if he understood that he was charged with bank robbery, Defendant said: "Yes, bank

2

Consequently, Chief Judge Du did not complete the change of plea hearing. Instead, she referred this matter to the undersigned magistrate judge for proceedings to help manage the issues relating to Defendant's medications if psychotic symptoms were not resolved. (ECF No. 50.)

On July 8, 2022, the undersigned conducted a status hearing with Defendant and counsel. Based on Defendant's odd behavior and answers at the hearing, and the United States' motion for a competency determination, the court issued an order pursuant to 18 U.S.C. § 4241(b) for the U.S. Marshal to transport the Defendant to a BOP medical facility to undergo a psychiatric/psychological examination to evaluate him for competency to stand trial. (ECF Nos. 52, 53.)

Dr. Jauregui was the forensic psychologist at the BOP who completed Defendant's examination. She provided the court with her forensic report dated October 6, 2022. (ECF No. 56, filed under seal.) After two delays occurred in transporting the Defendant to the District of Nevada for a competency hearing and to avoid additional any further delays, defense counsel requested the court proceed with the competency hearing with Defendant and Dr. Jauregui appearing via Zoom video.[2] The court granted the request and Defendant's competency hearing occurred on December 13, 2022. (ECF Nos. 60, 63.)

---

robbery, but I didn't even rob nuthin (sic) and I already paid everything back in time, so that's why I just need to go back to Carson City…" (*Id.* at 12.) In response to additional questions from the court about pleading guilty, Defendant said "…I want to go back to California…I just want to stay with my…mama …. in Carson City." (*Id.* at 13.)

[2] A competency hearing was scheduled for October 21, 2022, but the USMS informed the court that the transportation van broke down.  The hearing was then rescheduled for November 10, 2022. Prior to that date, Defendant had a "mental health episode" that prevented the USMS from transporting Defendant as scheduled to the District of Nevada.

## II. LEGAL STANDARD

The Supreme Court of the United States has "repeatedly and consistently recognized that 'the criminal trial of an incompetent defendant violates due process.'" *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (quoting *Medina v. California*, 505 U.S. 437, 453 (1992)). "Competence to stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf or to remain silent without penalty for doing so." *Cooper*, 517 U.S. at 354 (internal citation omitted). "[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

The treatment of offenders suffering from a mental disease or defect has been codified in the Federal Criminal Code. 18 U.S.C. §§ 4241-48. If a question is raised concerning whether a defendant is competent to stand trial, the court first determines whether that defendant suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. §§ 4241(a), (d). When the court has reasonable cause to believe a defendant is suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or assist properly in his defense, the court shall conduct a hearing to determine whether that defendant is competent to stand trial. 18 U.S.C. § 4241(a).

A defendant is deemed competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and ... has a rational

as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960) (per curiam) (internal quotation marks omitted); s*ee also United States v. Gastelum-Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002). "Whether a defendant is capable of understanding the proceedings and assisting counsel is dependent upon evidence of the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on his competence." *Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997).

The United States has the burden of demonstrating by a preponderance of the evidence that the defendant is competent to stand trial. *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991). The test that must be applied in determining competency to stand trial is set forth in *Dusky*:

> [I]t is not enough for the district judge to find that 'the defendant [is] oriented to time and place and [has] some recollection of events,' but that the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'

*Dusky*, 362 U.S. at 402.

While a finding of incompetency is predicated on the existence of a mental disease or defect, the standard for evaluating a defendant's competency to stand trial is not a medical inquiry; rather, it is a legal determination. *United States v. Makris*, 535 F.2d 899, 908 (5th Cir. 1976). In determining competency, the court may rely on a number of factors, including medical opinions and the court's own observation of the defendant. *See Torres v. Prunty*, 223 F.3d 1103, 1109 (9th Cir. 2000).

## III. DISCUSSION

**A. Dr. Jaime Jauregui, Ph.D.**

The United States presented the testimony of Dr. Jaime Jauregui, Ph.D., who is a forensic psychologist and is qualified as an expert in psychology and competency. Dr. Jauregui testified that she has conducted approximately 200 forensic evaluations during her 11 years of practice at the BOP Metropolitan Correctional Center (MCC) San Diego.

In conducting a competency evaluation, Dr. Collins testified that she seeks to determine if the individual being evaluated has the ability to understand the nature of and consequences of the proceedings and the individual's ability to assist counsel in preparation of a defense. Dr. Jauregui considers whether the individual she is evaluating has a mental disease or defect.

In the instant case, Dr. Jauregui had access to the discovery documents as well as Defendant's prior psychological evaluations by Dr. Leany and Dr. Baldwin. Additionally, Dr. Jauregui attempted to conduct an in-person evaluation of Defendant at MCC San Diego on four occasions which lasted 30 to 60 minutes each. Defendant would not respond to the vast majority of questions. Dr. Jauregui also spoke to other MCC staff members who interacted with the Defendant while he was at the facility.

Despite several attempts at interviewing him, Defendant would only provide minimal information such as his date of birth and where he was from. Dr. Jauregui testified that when she asked Defendant questions to determine if he understood the court process, Defendant would not respond to her other questions, and he would often give "irrelevant information" that was not responsive to the questions. When Dr. Jauregui asked Defendant about the bank robbery charge, Defendant said that he did not have a charge and that he wanted to go home.

1    In her forensic report, Dr. Jauregui noted Defendant "exhibited a child-like demeanor" and his responses to questions were "very minimal, vague, and superficial." (ECF No. 56 at 8.) Defendant mentioned having hallucinations, appeared distracted, and had difficulty with comprehension. (*Id.* at 9.) She described his motor functioning as slow and that he "engaged in odd facial grimacing" as if he were going to laugh. (*Id.*) Dr. Jauregui was unable to administer a competency assessment to Defendant because he would not even answer the first question of the assessment. (*Id.* at 12.)

Defendant refused to sign a consent form for psychotropic medication (Risperdal and Benztropine). As a result, Defendant was not administered mental health medication. (*Id.* at 9.) At the hearing, Dr. Jauregui diagnosed Defendant with "other specified schizophrenia spectrum and other psychotic disorder." Dr. Jauregui's professional psychological forensic opinion was that Defendant is "not competent" and unable to understand the nature and consequences of the criminal proceedings. Dr. Jauregui also opined at the hearing that Defendant would be unable to assist his defense counsel.

**B. Dr. Brian Leany, Ph.D.**

Dr. Leany is a licensed psychologist who examined Defendant in October 2021, and provided a report dated October 14, 2021. (ECF No. 44-1, filed under seal.) The court has reviewed Dr. Leany's report. Dr. Jauregui also reviewed and relied upon Dr. Leany's report in formulating her forensic report and rendering her professional opinion.

Dr. Leany's diagnosis of Defendant was "schizophrenia with multiple episodes of psychosis." (*Id.* at 6.) At the time of Dr. Leany's examination, Defendant was taking mental health medication (Ivega and Zoloft) and described the medication was "working." Dr. Leany opined at that time that "Mr. Rojas is competent to proceed with adjudication." (*Id.*) Dr. Leany's

report appears to suggest that counsel or the court ask questions such as: "Are you making this decision [to plead guilty] based solely of your own volition?" rather than asking, "Are the voices telling you to accept this offer?" (*Id*. at 7.)

Dr. Leany's opinion of competence of Defendant was from October 2021, when Defendant was actually taking his mental health medications for schizophrenia; however, Defendant has refused to take his mental health medications during at least the summer of 2022 to present.

**C. Dr. Erin Baldwin**

Dr. Baldwin is a licensed psychologist and board certified neuropsychologist who examined Defendant on November 15 and 16, 2021. Dr. Baldwin issued two reports dated January 31, 2022. (ECF Nos. 44-2 and 44-3, filed under seal.) The court has reviewed both of Dr. Baldwin's reports. Dr. Jauregui also reviewed and relied upon these reports in formulating her forensic report and rendering her professional opinion. Dr. Baldwin opined that Defendant's diagnosis is "probable schizoaffective disorder" and that he is competent to stand trial. (ECF No. 44-2 at 2.)

As with Dr. Leany, Dr. Baldwin's opinion of Defendant's competence is based on her evaluations of Defendant in November 2021, when Defendant was actually taking his mental health medications for schizophrenia. Defendant has refused to take his mental health medications during at least the summer of 2022 to present.

**D. Analysis**

Based on the evidence presented at the competency hearing, the court finds by a preponderance of evidence that Defendant is presently suffering from a mental disease (schizophrenia with psychotic episodes) that renders him mentally incompetent to understand the

nature and consequences of the proceedings against him or properly assist in his defense. Therefore, Defendant is incompetent to stand trial under 18 U.S.C.§ 4241(d).

      The court agrees with the opinion of Dr. Jauregui that Defendant is not competent to proceed to trial because he is not taking mental health medications. As a result of his schizophrenia with psychotic episodes (and refusal to take prescribed medication), Defendant is unable to understand the nature and consequences of the federal criminal proceedings. Also, as result of his mental health disorder (and refusal to take prescribed medication), Defendant is unable to assist his defense counsel in the criminal proceedings. Under *Dusky*, competency requires a defendant to have the "ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." In the present case, the court finds Defendant, because of his mental disease and refusal to take his medication, does not have a reasonable degree of rational understanding of the federal criminal case involving the offense of bank robbery. When Dr. Jauregui attempted to question Defendant about his understanding of the pending federal offense in the summer of 2022, Defendant denied that he had a charge and provided her with irrelevant information. This is much different from the level of understanding Defendant displayed in prior court proceedings in 2021 (*e.g.,* his arraignment) when he was taking his mental health medications for schizophrenia.

      In addition to Dr. Jauregui's testimony and forensic report, the court observed Defendant throughout the competency hearing. The court noted that Defendant was often talking during the

forensic psychologist's testimony.[3] Defendant also appeared to be talking to himself and even walked out of view of the camera in his cell during the proceedings. The court also asked him some basic questions (his age, education, name of counsel, pending federal charge), and Defendant's responses were significantly delayed and difficult to understand. Once the court mentioned the name of his counsel, Defendant repeatedly said his counsel's name (over and over again) even when another question was asked. Defendant appeared to grin and smile inappropriately when asked questions (similar behavior to what Chief Judge Du described at the change of plea hearing in August 2022). From the court's perspective, Defendant currently appears to lack understanding of the nature of the criminal proceedings. He also currently appears incapable of assisting his attorney in his own defense.

The court's observations of Defendant at the competency hearing, combined with the credible forensic report and expert forensic testimony of Dr. Jauregui, convince the court that Defendant is not competent under the standard of 18 U.S.C. § 4241(d). Defendant does not appear to understand the nature of and consequences of the federal criminal proceedings, and he is also unable to assist his attorney with his defense. Therefore, at the present time, the court finds Defendant is not competent to proceed to trial in this case. As a result, the court believes Defendant needs treatment and restoration (including mental health medication) to become competent.

---

[3] After Defendant did not comply with the court's directive to not interrupt the testimony, the courtroom deputy eventually muted Defendant's speaker to prevent the Defendant from continuing to interrupt testimony of Dr. Jauregui.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendant Jesus Manuel Rojas be committed to the custody of the Attorney General who shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and for an additional reasonable period of time until (A) his mental condition is so improved that trial may proceed, if the court finds there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier.

DATED: December 14, 2022.

_____
CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).