UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br>JESUS MANUEL ROJAS,<br>　　　　　　Defendant. | Case No. 3:21-cr-00020-MMD-CSD-1<br><br>ORDER |

**I.   SUMMARY**

Defendant Jesus Manuel Rojas faces a charge of bank robbery. (ECF No. 1.) Before the Court is Rojas' motion to dismiss because the government has held him longer than 18 U.S.C. § 4241(d)(1) allows to determine whether his competency can be restored. (ECF No. 71 ("Motion").)[1] The Court held a hearing on the Motion on August 21, 2023 (the "Hearing") where the Court ordered the parties to be prepared to address certain topics. (ECF Nos. 78 (setting hearing), 79 (hearing minutes).)

The Court finds that the government violated Section 4241(d)(1) because Rojas' period of hospitalization has exceeded the statutory period of four months. Indeed, the Bureau of Prisons' ("BOP") stated policy of taking four months of hospitalization to evaluate criminal defendants under Section § 4241(d)(1) and then an additional four weeks to prepare the corresponding report is plainly inconsistent with the statute. But because the Court recently received word from the BOP psychologist treating Rojas that he is not currently competent and is insufficiently stable for transport, but may still be able to be restored to competency (ECF No. 80 (sealed))—and as further explained below— the Court will deny the Motion without prejudice.

---

[1]The government filed a response (ECF No. 75), Rojas filed a reply (ECF No. 76), and Rojas filed a supplement (ECF No. 77).

## II. BACKGROUND[2]

On January 19, 2023, the Court adopted Judge Denney's recommendation and committed Rojas to the Attorney General's custody, "who must hospitalize Mr. Rojas in a suitable Bureau of Prisons medical center for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward, and for an additional reasonable period of time until: (1) his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that, within such additional period of time, he will attain the capacity to permit the proceedings to go forward; or (2) the pending charges against him are disposed of according to law; whichever is earlier." (ECF No. 67 ("Custody Order") at 3.)

Warden Boncher confirmed in a letter dated April 12, 2023, that Rojas was admitted to the Federal Medical Center in Devens, Massachusetts ("FMC Devens") for the court-ordered evaluation on April 11, 2023. (ECF No. 69 ("April Letter") (sealed).) The letter included this sentence, "[i]n compliance with your Order, our staff will complete his evaluation by August 8, 2023, and a written report will be submitted to the Court within four weeks of that date." (*Id.*)

Rojas filed his Motion on June 23, 2023, or slightly more than five months after the Court committed him to the Attorney General's custody for the restoration of competency evaluation. (ECF No. 71.)

The Court received a letter from Acting Warden Napier at FMC Devens dated June 20, 2023, substantively identical to the April Letter, noting in pertinent part that Rojas was hospitalized at FMC Devens on April 11, 2023, that Acting Warden Napier's staff would complete their evaluation of Rojas by August 8, 2023, and then would submit a written

---

[2]The Court incorporates by reference its description of this case's history regarding Rojas' competency from it and United States Magistrate Judge Craig S. Denney's prior orders. (ECF Nos. 53, 64, 67.)

report including their findings within an additional four weeks of that date. (ECF No. 74 (sealed).)

As of the date of the Hearing, it had been more than seven months since the Court committed Rojas to the Attorney General's custody, and more than four months since Warden Boncher and Acting Warden Napier stated he had been hospitalized at FMC Devens. Indeed, Rojas flagged that he had been at FMC Devens for more than four months in his supplement to his Motion filed August 11, 2023. (ECF No. 77.)

In preparation for the Hearing, the Court had its Courtroom Administrator contact the treating psychologist ("Psychologist") mentioned in both of the letters from Warden Boncher and Acting Warden Napier. The Court's Courtroom Administrator did not hear back from the Psychologist until after the Hearing, and the Court then received a letter from the Psychologist that the Court promptly shared with the parties the day after the Hearing. (ECF Nos. 80, 81.) In this letter, the Psychologist notes that Rojas has shown clinical improvement since he was hospitalized at FMC Devens on April 11, 2023, but his competency remains compromised. (ECF No. 80 (sealed) at 1.) She further notes that she expects it will take more time to return Rojas to competency, but states that she believes it is possible he could be restored to competency. (*Id.* at 1-2.) She also states that she intends to submit a report containing these findings and recommendations to the Court (as specified in the prior letters from the wardens) within four weeks of August 8, 2023. (*Id.* at 1.) She concludes by explaining that she has not asked the United States Marshals Service to transport Rojas back to this district yet because she believes he is not stable enough for transport, but indicates that the BOP will work with the Marshals to transport Rojas back immediately if the Court orders as such.[3] (*Id.* at 1-2.)

///

---

[3] The Court takes judicial notice of the fact that FMC Devens is located in Massachusetts, and is nearly 3000 miles from Reno, Nevada. *See* BOP, *FMC Devens* (last visited August 22, 2023), https://perma.cc/E6E8-Z8CY.

## III. DISCUSSION

The Court's Custody Order reflected the first mandatory duty imposed under 18 U.S.C. § 4241(d)(1) of the Insanity Defense Reform Act following an incompetency finding. *See United States v. Donnelly*, 41 F.4th 1102, 1105 (9th Cir. 2022). The Motion focuses on the second. "Second, '[t]he Attorney General shall hospitalize the defendant for treatment in a suitable facility ... for such a reasonable period of time, not to exceed four months.'" *Id.* (quoting § 4241(d)(1)). Rojas argued in his Motion that the four month time period included in Section 4241(d)(1) began running on the date of the Court's Custody Order (ECF No. 71 at 3-5), while the government countered that the four month time period began on April 11, 2023, the date Rojas was hospitalized at FMC Devens (ECF No. 75 at 4-5). While dicta in the majority opinion in *Donnelly*, *see* 41 F.4th at 1105, supports the government's position more than Rojas', the Court need not, and does not, resolve the dispute about when the clock starts running because there is no dispute that Rojas was hospitalized for more than four months at FMC Devens by the time the Court held the Hearing. Indeed, the government's counsel conceded at the Hearing that the government had violated Section 4241(d)(1) because Rojas had been hospitalized for more than four months with no word from the BOP at the time of the Hearing. The government's counsel instead focused his argument at the Hearing on his contention that the government's conduct was merely negligent, not the sort of flagrant, intentional conduct that would potentially warrant the "extreme sanction of dismissal[,]" *see also Donnelly*, 41 F.4th at 1106-08, Rojas sought in his Motion—and continued to seek through his counsel at the Hearing.

Now having received the Psychologist's letter, the Court agrees with the government. The extreme remedy of dismissal is not appropriate at this juncture. Indeed, the Psychologist suggests in her letter that keeping Rojas in BOP custody at this time "will allow [Rojas] to receive the treatment necessary to make a restoration determination— the critical step down the path toward either restoration and trial or dismissal of the indictment and initiation of civil commitment proceedings." *Donnelly*, 41 F.4th at 1107

(citations omitted). And given the Psychologist's representation that Rojas is not stable enough for transport, dismissing the indictment may actually put Rojas in harm's way some 3000 miles from the Reno area. (ECF No. 80 (sealed) at 1-2.) Moreover, the Psychologist also states in her letter that she will likely recommend in her report an additional period of restoration because Rojas' "competency related skills remain compromised by his active psychiatric symptoms[.]" (*Id.* at 1.) If she makes such a recommendation to the Court, that would bring the Court from the realm of Section 4241(d)(1) into the realm of Section 4241(d)(2), which provides that the Attorney General may hospitalize Rojas for treatment "for an additional reasonable period of time until" "his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward[.]" 18 U.S.C. § 4241(d)(2)(A).

That said, the Court has now received three letters from BOP officials that repeat an apparent BOP policy of allowing four months for the evaluation contemplated by Section 4241(d)(1), and then an additional four weeks to prepare the report summarizing the results of those evaluations. (ECF Nos. 69, 74, 80.) This policy has created a problem in this case in that there is no dispute that the government has violated Section 4241(d)(1) in holding Rojas at FMC Devens for more than four months, yet the extreme remedy of dismissal does not seem appropriate given the anticipated findings of the Psychologist's report.

But more problematically, the BOP's policy contravenes the plain text of Section 4241(d)(1). That section provides for a reasonable period of time, not to exceed four months. *See* 18 U.S.C. § 4241(d)(1); *see also United States v. Quintero*, 995 F.3d 1044, 1056 (9th Cir. 2021) ("commitment to the Attorney General for competency evaluation is durationally limited to a 'reasonable period of time, not to exceed four months'") (quoting § 4241(d)(1)); *see also Donnelly*, 41 F.4th at 1108 ("But I think Congress plainly imposed four months as the outside limit on the entire period a defendant is committed to the custody of the Attorney General for treatment and evaluation, inclusive of any pre-

5

hospitalization delay.") (Watford, J., concurring). It does not provide for five months (four months plus four weeks), or two separate periods for evaluation and report preparation. Indeed, the government's counsel conceded at the Hearing that he cannot defend the BOP's apparent interpretation of the statute. Neither the government nor Rojas' counsel proffered any citations to caselaw in the process of briefing and arguing the Motion that would support the BOP's apparent interpretation, and the Court was not able to locate any in its own research.

BOP's policy of taking an extra four weeks to write the report is also at odds with the constitutional due process interest the statute and governing caselaw aims to protect, because "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Id.* at 1105 (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Having an extra four weeks to write a report is nice for the person writing the report, but that extra duration of commitment does not bear a reasonable relationship to determining whether a criminal defendant found incompetent can be restored to competency—the purpose of Section 4241(d)(1). *See id.* at 1108 ("It seems plain to me from the text and legislative history that Congress assumed a defendant would be hospitalized in short order following his commitment to the custody of the Attorney General, such that four months would afford adequate time for the entire evaluation process to be completed.") (Watford, J., concurring). And to the extent the delay is attributable to resource constraints at the BOP, that is not a legitimate excuse. *See id.* at 1108-09 ("The BOP's bureaucratic failure to allocate adequate agency resources to meet the demand for competency evaluations is not, of course, a legitimate excuse for failing to comply with the four-month time limit Congress imposed in § 4241(d)(1).") (Watford, J., concurring). Moreover, "a pretrial defendant has a significant liberty interest in avoiding pretrial confinement, including civil commitment." *Quintero*, 995 F.3d at 1055. Holding someone for an additional four weeks while a report is written obviously impinges on that significant liberty interest.

///

In sum, the Court agrees with Rojas that the government has violated Section 4241(d)(1), but "the extreme sanction of dismissal" is not appropriate here. *Donnelly*, 41 F.4th at 1106. The Court will deny the Motion without prejudice, but nothing in this order "forecloses the possibility that dismissal may become appropriate at a future date" given BOP's problematic policy. *Id.* at 1107.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Rojas' motion to dismiss (ECF No. 71) is denied without prejudice.

It is further ordered that the government is directed to send a copy of this order to BOP's counsel.

The Clerk of Court is directed to send a copy of this order to the Psychologist.

DATED THIS 23rd Day of August 2023.

                                                                    _____
                                                                    MIRANDA M. DU
                                                                    CHIEF UNITED STATES DISTRICT JUDGE