UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:21-cr-00020-MMD-CSD-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JESUS MANUEL ROJAS, | |
| Defendant. | |

**I.  SUMMARY**

Defendant Jesus Manuel Rojas faces a charge of bank robbery. (ECF No. 1.) This order relates to Rojas' competency under 18 U.S.C. § 4241, and specifically follows a hearing the Court held on October 3, 2023 (the "Hearing"). (ECF Nos. 95 (setting hearing), 98 (hearing minutes).) The purpose of the Hearing was to determine whether to grant the government's request to hold Rojas at Federal Medical Center Devens ("FMC Devens") for an additional period of time to restore Rojas to competency under Section 4241(d)(2). (ECF No. 90 (sealed) at 15-16 (making the request in a report by Rojas' treating Forensic Psychologist, Dr. Miriam Kissin).) Because the government has not shown a substantial probability that an additional period of time at FMC Devens will restore Rojas' competency such that this case could move forward, and as further explained below, the Court denies the request for an extension and instead orders that Rojas be transported back to this District within 14 days.

**II.  BACKGROUND**

To start, the Court incorporates by reference the background it provided in its August 23, 2023, order declining to dismiss this case despite the fact that the Bureau of Prisons ("BOP") held Rojas for longer than 18 U.S.C. § 4241(d)(1) allows. (ECF No. 82 at 1-3.) Since the Court issued that order, the Court denied Rojas' motion for

reconsideration (ECF No. 89), and his renewed motion to dismiss (ECF No. 93). The Court also received a report on Rojas' competency from Rojas' treating psychologist, Dr. Kissin, which it shared with the parties. (ECF No. 90 (sealed).) Moreover, at the hearing where the Court denied Rojas' renewed motion to dismiss, the Court noted its finding that an evidentiary hearing with testimony from Dr. Kissin was necessary to determine whether, and for how long, Dr. Kissin should continue to work to restore Rojas to competency. (ECF No. 93.) The Hearing followed.

Rojas was present at the beginning of the Hearing by videoconference, but decided to leave the video conference room at FMC Devens shortly after it began, and did. Rojas' counsel represented, and the Court agreed, that Rojas' presence was not required at the Hearing.

Dr. Kissin joined the Hearing by videoconference and testified first. Dr. Kissin clarified in her testimony that she specifically seeks an additional period of four months from the date of entry of this order under Section 4142(d)(2)(A)—her report did not specify a specific amount of time, but made it clear she was requesting an additional period of time to attempt to restore Rojas to competency. (ECF No. 90 (sealed) at 15-16.) Rojas' treating psychiatrist of just the last couple of weeks,[1] Dr. Patel, also joined the Hearing by videoconference and testified. In addition, the Court also heard arguments from counsel.

**III.   DISCUSSION**

The Court has previously found Rojas incompetent to stand trial and committed him to the custody of the Attorney General for no more than four months to see whether his competency can be restored. (ECF No. 67.) As noted, this period has expired. But "[t]his period may be extended for 'an additional reasonable period of time until' the defendant is restored to competency if the court concludes that 'there is a substantial probability that within such additional period of time [the defendant] will attain the capacity to permit the trial to proceed; or ... the pending charges against him are disposed of

---

[1] His predecessor, Dean Cutillar, D.O., retired in September. Dr. Cutillar was Mr. Rojas' treating psychiatrist until he retired. (ECF No. 90 (sealed) and 12 (stating that Dr. Cutillar was Rojas' attending psychiatrist).)

according to law; whichever is earlier.'" *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1143 (9th Cir. 2005) (quoting 18 U.S.C. § 4241(d)(2))

Said otherwise, to extend Rojas' period of commitment at FMC Devens under the supervision of Dr. Kissin, the government must show there is a substantial probability that Rojas will regain competency in the foreseeable future with further treatment. *See United States v. Loughner*, 672 F.3d 731, 769 (9th Cir. 2012) (citing 18 U.S.C. § 4241(d)(2)(A)); *see also United States v. Thomas*, 735 F. App'x 930 (9th Cir. 2018) (suggesting that *Loughner* provides "the proper standard"). A substantial probability means likely, but not necessarily more likely than not. *See Loughner*, 672 F.3d at 770. In determining whether a substantial probability exists, the Court may consider Rojas' past improvement from the treatment Rojas has already received in government custody, if any, Rojas' response to the current medications he is receiving, and both Dr. Kissin and Dr. Patel's testimony.[2] *See id.* at 770-72. The Ninth Circuit has found four-month, renewable extensions of the Section 4241(d)(2) commitment and treatment period reasonable.[3] *See id.*

Neither side even argues that Rojas is currently competent to stand trial.[4] Instead, towards the end of the Hearing, the government argued that Dr. Kissin and Dr. Patel's testimony established a substantial probability that his competency could be restored with further treatment, and therefore asked the Court to grant a four month extension where Bureau of Prisons personnel would also be required to file a status report in another two months. Rojas' counsel countered in pertinent part that Dr. Kissin and Dr. Patel's

---

[2] It would also have been permissible for the Court to consider its own observations of Rojas in making its determination under 18 U.S.C. § 4241(d)(2)(A), but Rojas chose not to stay for the hearing, so the Court was not able to assess his demeanor. *See Loughner*, 672 F.3d at 771-72 (finding that the district judge's own observations were proper evidence).

[3] The Ninth Circuit has also suggested how district courts should proceed if they find an additional period of commitment appropriate under Section 4241(d)(2). *See Rivera-Guerrero*, 426 F.3d at 1143-44 (ordering a series of next steps on remand after finding that the district court abused its discretion in ordering involuntary medication without first giving the defendant a full and fair hearing).

[4] Both Dr. Kissin and Dr. Patel also testified that Rojas is not currently competent to stand trial.

3

testimony does not meet the substantial probability standard. The Court agrees with Rojas' counsel.

Dr. Kissin ultimately testified she believed that Rojas could be restored to competency for several reasons, starting with the view based on her experience that most people with severe mental illness[5] eventually respond to psychotropic medication and can be restored to competency. And she explained her belief that several additional factors support her view that Rojas could be restored to competency. Specifically, she noted that he is physically healthy and young, and therefore earlier on in the course of his illness than if he was older. She also noted from her review of records regarding Rojas that he has previously been found competent, that some of those records suggested he had responded well to medication, and that his symptoms ebbed and flowed in severity over time. She further noted that she and Dr. Patel had not yet exhausted all treatment options—meaning additional medications—that could be prescribed to Rojas to help alleviate Rojas' schizophrenia symptoms.

Moreover, Dr. Kissin noted some improvement in Rojas' condition since he arrived at FMC Devens that appeared correlated with an increase in the dosage of Risperidone he received. She generally recounted how he was basically nonresponsive and had very poor hygiene when he arrived. She explained Dr. Cutillar started Rojas on a low dose of Risperidone, taken orally, which was not very effective because Rojas would not always take it. Dr. Cutillar accordingly, eventually switched Rojas to an injectable form of Risperidone given every two weeks. Following an increase in dosage around the end of July 2023, Rojas' hygiene, responsiveness to questions, and ability to engage in basic social interactions generally improved enough that Dr. Kissin (and perhaps others including Dr. Cutillar, though it is somewhat unclear) decided to move Rojas to a less-restrictive ward where he can leave his cell on occasion and has some interaction with others. However, Dr. Kissin noted that Rojas' improvement had plateaued since then, so

---

[5]Dr. Kissin, consistent with other experts who have examined Rojas, diagnosed him with Schizophrenia. (ECF No. 90 (sealed) at 13; *see also generally id.* (summarizing other interviews and reports).)

4

she understood from Dr. Patel that the next step in Rojas' treatment plan was to switch Rojas to a different medication, Haldol. Dr. Kissin further explained that she is requesting an additional four months from the date of entry of the Court's order because new medications take several months to reach efficacy, and she and Dr. Patel may need to try different medications on Rojas before they find the medication that works best for him.

But Dr. Kissin was clear that she cannot prescribe medication, as she is a psychologist with a PHD and ample experience, but not a licensed medical doctor. She accordingly deferred to Dr. Patel on the future treatment plan for Rojas. That said, Dr. Kissin was clear that the future treatment plan for Rojas was to switch him onto a new medication, and potentially switch him onto other medications if Haldol did not work. Similarly, Dr. Kissin testified that a primary reason she believed Rojas could be restored to competency was that Dr. Patel would eventually find a medication and a dosage that sufficiently ameliorated Rojas' symptoms such that he would be competent to proceed to trial.

For his part, Dr. Patel testified he could not say whether Rojas can be restored to competency. Dr. Patel reasonably qualified that he was new to the job and did not have much prior experience with attempting to restore criminal defendants to competency. However, Dr. Patel also testified that he had reviewed Rojas' records and spoken with him two to three times. He also explained that he had years of experience working as a psychiatrist in other settings. From this, Dr. Patel formed the opinions that Rojas had shown little improvement in his time at FMC Devens while exclusively medicated using Risperidone, so Dr. Patel's treatment plan was to next try increasing doses of Haldol over the next couple of months, beginning next week. Dr. Patel was next planning to try Haldol because it is a different type and class of medication than Risperidone, so may be effective for people like Rojas for whom Risperidone was not effective. If Haldol did not improve Rojas' condition, Dr. Patel would then try a third drug for a couple of months, and then potentially a fourth. However, he expressed concerns about using Clozaril, the potential third or fourth drug, because it has serious side effects. Dr. Patel accordingly

5

testified he may stop attempting to restore Rojas' competency before trying Clozaril, but implied he has not reached that decision yet because he has decided to try Haldol next.

Dr. Patel more generally expressed the view that his approach with patients like Rojas is to keep trying different drugs for a couple of months at a time until he finds something that works for them. However, he was very clear that he cannot predict with certainty whether someone will be restored to competency before he has even tried a particular drug on them. Moreover, Dr. Patel expressed doubts that even Haldol would be effective in restoring Rojas' competency because, in Dr. Patel's view, Rojas has made little improvement in his nearly six months at FMC Devens on a medication program consisting of increasing dosages of Risperidone. In sum, Dr. Patel concluded that he could not say whether Rojas could be restored to competency, but he would continue trying different medications on Rojas (for a couple of months each) so long as Rojas was under his care at FMC Devens—to try to find a medication that would restore Rojas to competency.

Dr. Patel's approach strikes the Court as reasonable from a medical perspective, but his testimony also prevents the government from clearing the admittedly low bar of showing a substantial probability that Rojas could be restored to competency in the additional four months from the date of entry of this order the government is requesting. Dr. Kissin pinned her optimism that Rojas could be restored to competency on a change in medication necessarily overseen by Dr. Patel. Dr. Patel reasonably opined he could not say whether as-yet-untried medications would restore Rojas' competency. Both agreed Rojas was not currently competent, and neither opined that he had shown significant improvements in his time at FMC Devens. The Court was not able to meaningfully observe Rojas so has nothing to add from the Court's own observations. The Court therefore simply does not have a record before it to suggest that more time at FMC Devens—beyond the nearly six months he has been held there against his will so far—has a substantial probability of restoring Rojas' competence.

///

The Court will accordingly order Rojas' expeditious return to this District so that Rojas is closer to home in the event the indictment is dismissed, voluntarily or otherwise. *See, e.g.*, *Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."). As it stands, Rojas remains incompetent to stand trial, and the government has not shown a substantial probability that Rojas would be restored to competency were the Court permit him to remain at FMC Devens for an additional time period.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered the government's request for an additional four months to restore Rojas to competency under 18 U.S.C. § 4241(d)(2)(A) is denied.

It is further ordered that the United States Marshals Service must arrange for Rojas' transport back to this District within 14 days of the date of entry of this order.

It is further ordered that, at the time of Rojas' return to this District, the Court will set an in-person status conference for as soon as practicable, which it expects Rojas to attend. The parties should be prepared to present their desired next steps in this case at that hearing with support from applicable law.

DATED THIS 4th Day of October 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE